## STATE *vs.* JOHN W. COVERDALE.

*Local Option—Unlawful Sale of Liquor—Burden of Proof—Vinous Liquor—Definition—When a Question for the Jury—Cider—Diligence Required to Know Whether it is Vinous—Reasonable Doubt.*

1. Before a conviction can be had under an indictment, founded on the local option statute (*Chapter* 65, *Volume* 24, *Laws of Delaware*), charging the accused with unlawfully selling vinous liquor—"a certain liquor, the correct name of which is to the grand jurors unknown, but which was then and there called cider," it is incumbent on the State to prove to the satisfaction of the jury that the accused sold the liquor to the person named, and in the county as laid in the indictment; that the liquor was at the time of the sale vinous; and that it was not sold for medicinal or sacramental purposes.

2. Whether the vinous liquor alleged to have been sold unlawfully under the local option statute, the description of the said liquor in the indictment being "a certain liquor, the correct name of which is to the grand jurors unknown, but which was then and there called cider," was or was not vinous is for the determination of the jury under all the evidence considered in connection with the Court's definition of the term "vinous liquor."

3. The term "vinous liquor" defined to be liquids which have undergone fermentation.
Whether the juice of the apple, grape and many other fruits is or is not vinous depends entirely upon whether or not they have fermented.   If they have fermented they are vinous and come within the provision of our local option statute.

4. Sweet, pure apple cider unfermented does not come within the provision of the local option act.

5. In a prosecution, under the local option statute, for the alleged unlawful sale of vinous liquor; to-wit, cider, the accused may show in his defense that at the time of the sale he had reasonable ground to believe and did, in fact, believe that the liquor which he sold was not vinous.

6. In a prosecution, under the local option statute, for the alleged unlawful sale of vinous liquor; to-wit, cider, the burden is upon the accused to show clearly and satisfactorily that a reasonable and careful man, anxious to obey the law, would have believed under the circumstances that the liquor sold was not vinous and that he did in fact entertain such belief.

7. If a person sells cider which at the time of the sale is vinous and he had no reasonable ground to believe it was not vinous, such sale is unlawful under the local option act.

8.   By  reasonable  doubt is not meant a vague, speculative, or mere possible doubt, but a real, substantial doubt, such as remains in the minds of the jury after a careful consideration of all the evidence in the case.

*(April* 21,  1910.)

Delaware  cases  cited:  *State vs. Fahey,* 5 *Penn.* 585; *Brown vs. State,* 7 *Penn.* 159.

Judges BOYCE and HASTINGS sitting.

*Josiah  O.  Wolcott* and *W.  Watson  Harrington,* Deputies Attorney-General, for the State.

*Richard R. Kenney* and *William P. Shockley* for the defendant.

Court of General Sessions, Kent County, April Term, 1910.

INDICTMENT FOR SELLING VINOUS LIQUOR, the same not being sold for medicinal or sacramental purposes; the description of said liquor in the indictment being,—"a certain liquor, the correct name of which is to the Grand Jurors unknown, but which was then and there called cider."

At the trial, W., a  State bacteriologist and chemist, testified that in the quart of cider, alleged to have been bought of the defendant, and delivered to him for analysis, he found four and one-tenth per centum alcohol—made by alcoholic fermentation of the juice of apples; that the process of fermentation had been going on, at least, a  week; and that by reason of the fermentation it was a vinous liquor.

The defendant was asked by his counsel the following question:—"Did you make any effort to ascertain whether or not this cider was a vinous liquor, or whether or not this liquor was such as you were prohibited from selling under the law?"   This was objected to by the State as immaterial.

Counsel for the defendant contended that the question was admissible as going to the knowledge and intent of the defendant, citing *State vs. Fahey,* 5 *Pennewill,* 585; that the facts and circumstances of this case distinguished it from the ordinary indictment

Opinion.

alleging the sale of whiskey, beer or brandy, which were, in the common knowledge of every one, in violation of the statute.

*Wolcott*, Deputy Attorney-General, replied that where a statute is worded as the Delaware Local Option Statute is, where the act itself is unlawful, the question of knowledge or intent is absolutely immaterial.

*Maria Brown vs. State*, 7 *Penn.*, 159; *State vs. Eaton*, 97 *Maine*, 289; *Com. vs. Hallett*, 103 *Mass.* 452; *Allen vs. State*, 59 *S. W.* 264.

HASTINGS, J.:—The Court are divided upon this question. I think it should be admitted. And I am very much embarrassed, because, if we cannot agree, the objection falls; but I take it that the Court in the future would not feel bound in any way by this decision inasmuch as there are only two members of the Court sitting and we are divided upon the point. It is a very important question in the administration of this law. As I understand the authorities and text books, it all comes down to the interpretation of the statute. In this State, in the case of *State vs. Fahey*, (5 *Pennewill*, 585), which has been followed since, the defendant was permitted to show that he attempted to ascertain whether or not the minors to whom he sold liquor were in fact minors. And in cases of carrying concealed a deadly weapon it is always permissible for the defendant to show that he had the weapon on his person concealed, for a lawful purpose, and not for an unlawful purpose. Neither of these cases comes within the decision of the case of *Brown vs. State*, decided in the Supreme Court, where the decision of the Court was based upon the fact that the woman was engaged in an immoral business.

Here it is proposed so show that this defendant had a license to sell general merchandise. Under such license it was lawful for him to sell liquor, provided it was neither malt, spirituous or vinous, and it seems to me that the question as to whether or not he did make an honest effort to ascertain the character of the liquor sold should be left to the jury to determine. And if he had no guilty intent and his effort was in fact an honest effort, I think he should be permitted to show that fact to the jury. Of

course, the burden of satisfying the jury upon that point would be upon him.

There are three classes of statutes in this State. One provides that where a person *knowingly* does a thing he shall be punished in a certain manner. Another class provides that where he does a thing *unlawfully* he shall be punished in a certain manner. Another class, varying perhaps in language, provides in effect that if a person *knowingly* or *unknowingly* does a certain thing he shall be punished in a certain manner. In the first instance, it is necessary for the State to show, not only that the defendant committed the act, but that he did it with knowledge. And the burden is upon the State to allege it and prove it. In the second class where the statute provides that it is unlawful to do a certain thing, the State is only bound to show that the defendant committed the act; and the burden is then upon the defendant to give any reasonable explanation he can, showing that at the time he committed the act he had no criminal intent. In the third class, where the statute alleges knowingly or unknowingly,the defendant is there absolutely prohibited from showing anything which would excuse the commission of the crime.

It occurs to me that these are the three classes of statutes that in a measure control the courts in determining whether such testimony as is offered here is admissible, and if the Legislature intended that a man should be punished whether he was mistaken or not as to the facts, it should use such language in the act itself as to make its intention clear.

For the reasons stated, I think the objection should be over ruled.

BOYCE, J.:—Judge Hastings has expressed his position very clearly, and of course viewing this question as he does, the objection falls, there being but two members of the Court sitting. A similar question was asked and ruled out in the case of *Maria Brown vs. State*. In the case of *State vs. Fahey* (5 *Pennewill*, 585) the defendant was permitted to show that he was told by the alleged minor at or before the time of the sale that he was twenty-one years of age.

I think this case more nearly approaches the Brown case than the Fahey case. If anyone should engage in the business of selling spiritous, vinous or malt liquors within this county, he would be engaged in an unlawful business. A Saloon or Hotel Keeper who sells spiritous liquors is engaged in a business authorized by law, and the Fahey case recognized this fact.

The Court distinguished the Fahey case from the Brown case. And it seems to me that in this case, as in the latter case, the question of intent is not involved. It is not a question whether this defendant exercised due diligence, in making the admitted sale, but whether he sold vinous liquor to the prosecuting witness. Of course whether he did or not, is a question for the jury under the evidence.

There is no claim in this case that the defendant was authorized by any law of this State to sell either spiritous, vinous or malt liquors, and it seems to me that anyone selling any such liquor in this county does so at his peril; and that the element of intent does not enter into the crime.

HASTINGS, J.:—The objection to the question falls.

(The defendant testified that he had purchased the cider as champagne cider; that he did not know it was a vinous liquor, and that he had made inquiry whether it was alcoholic.)

HASTINGS, J., charging the jury:

Gentlemen of the jury:—The defendant, John W. Coverdale, is charged in this indictment with selling on the 15th day of October, A. D. 1909, in South Murderkill Hundred, this County, vinous liquor to one James P. Ratledge, the same not being sold for medicinal or sacramental purposes. The description in the indictment of the vinous liquor unlawfully sold is as follows:— "A certain liquor, the correct name of which is to the Grand Jurors unknown, but which was then and there called cider."

The indictment is based upon a statute of this State known as the Local Option Statute being *Chapter* 65, *Vol.* 24, *Laws of Delaware*, approved March 21, 1907. Under said statute it is

unlawful for any person or persons, firm, company, association or corporation  *  *  *  to manufacture or sell spiritous, vinous or malt liquors, except for medicinal or sacramental purposes," etc.

Before the defendant can be convicted it is necessary that the State prove to your satisfaction the material allegations in the indictment, namely:

(1).   That the defendant sold the liquor in this County, to the person named in this indictment.

(2).   That it was at the time vinous liquor, commonly called cider, and

(3).   That it was not sold for medicinal or sacramental purposes.

It is not denied by the defendant that he sold the liquor to Ratledge, the prosecuting witness, at the time and place alleged, nor does he claim that he sold it for medicinal or sacramental purposes.   The defendant does contend however, (1) That the liquor he sold was not vinous, and (2) If is was vinous liquor, he should not be found guilty because he sold it in his general merchandise business and that he had used all reasonable care to ascertain whether it was in fact spiritous, vinous or malt liquor. This is the contention of the defendant.

We say to you that whether the liquor in question was or was not vinous, is for you and you alone to determine.   For your guidance, in determining that question, however, it is necessary that the Court define to you briefly vinous liquor.

We define the term "vinous liquor" in these few words:

"Liquids which have undergone fermentation."   Whether the juice of the apple, grape and many other fruits, is or is not vinous, depends entirely upon whether or not they have fermented.   If they have fermented they are vinous and come within the provision of our statute; if they have not so fermented they are not vinous and do not come within the meaning of that part of the statute which prohibits the manufacture and sale of vinous liquors.   As for instance, sweet, pure apple cider unfermented, does not come within the provision of the Act.

Charge.

In determining the first question, namely, whether the liquor in question was or was not vinous, it is your duty to take into consideration the definition of vinous liquor as we have just stated to you; and whether that definition corresponds with what you, or persons generally, have heretofore understood the term "vinous liquor," to mean, is wholly immaterial in determining this question.

If you should determine that the liquor sold was vinous liquor, then you should further consider the contention of the defendant that he sold the liquor in his general merchandise business, and that he used all reasonable care to ascertain whether it was either spirituous, vinous or malt liquor.

The statute making it unlawful to manufacture or sell spirituous, vinous or malt liquors, is very broad and comprehensive.

As you have doubtless observed during the trial of the case, this Court has some doubt whether the defendant was not bound to know whether the liquor sold was spirituous, vinous, or malt liquor, but we have permitted him to show what precaution, if any, he used to ascertain this fact and it is your duty to consider the testimony upon that point.

If he had reasonable ground to believe and in fact did believe that the liquor he sold was not vinous it would be your duty to acquit him.    The burden is upon the defendant, however, to show clearly and satisfactorily to you by competent evidence two things; (1) That a reasonable and careful man, anxious to obey the law, would have believed, under the circumstances, the liquor sold in this case was not vinous, and (2) That the defendant did in fact entertain such a belief.

It is your duty, gentlemen, to consider carefully, the evidence in the case and apply thereto the law as we have stated is to you. If after so doing you are satisfied beyond a reasonable doubt that the defendant effected the sale of the cider as alleged in the indictment, and that at the time the liquor so sold was vinous, and that the defendant had no reasonable ground to believe it was not vinous, your verdict should be guilty.    But if after a careful consideration of all the evidence you should entertain a

reasonable doubt of the defendant's guilt, your verdict should be not guilty.

We say to you, however, that by reasonable doubt is not meant a vague, speculative or mere possible doubt, but a real, substantial doubt, such as remains in the minds of the jury after a careful consideration of all the evidence in the case.

Verdict, not guilty.