Court of General Sessions for Sussex County, Nos. 15 and 16, April Term, 1949.
Motions to quash indictments.
These two cases present one issue. Both defendants were separately indicted on a charge of unlawfully selling alcoholic liquor, towit, "fermented apple juice containing more than one-half of one percent of alcohol by volume". The indictments are based upon 6172, Sec. 43 Revised Code of Delaware 1935, which makes it a misdemeanor to sell alcoholic liquor without a license to that effect.
6132, Sec. 3, Revised Code 1935, contains numerous definitions. The term "alcoholic liquor" includes "wine". The same section defines "wine" as "any beverage containing more than one-half of one per cent ethyl alcohol by volume obtained by the fermentation of the natural contents of fruits, vegetables or other products and other vinous liquors. `Wine' also includes such beverages when fortified by the addition of `alcohol' or `spirits' as above defined."
6194, Sec. 65, Revised Code 1935, reads as follows:
"Cider made from apples or pears alone, and unmixed with any intoxicating fluids, or substance, shall not be held or taken to be within the meaning of the liquor laws of this State."
The motions to quash are based upon the contention that Code Section 6194 excludes cider, whether fermented or unfermented, from the operation of the Liquor Control Act, provided no intoxicating fluid or substance has been artifically added to it. The State agrees that apple juice is cider but contends that the said Code Section is intended to exclude from the Liquor Act only unfermented cider and that cider or apple juice having more than one-half of one percent alcohol by volume falls within the prohibition of the act. See State v. Coverdale, 1 Boyce 555, 77 A. 754. *Page 54 
The sole question presented, therefore, is whether cider or apple juice, having an alcoholic content of more than one-half of one percent by volume produced by natural fermentation, may lawfully be sold by a person not having a license to sell alcoholic liquors.
Assuming that the word "cider", as used in Code Section 6194, means unfermented apple juice, the motions to quash would obviously have to be denied, since these indictments charge the sale of fermented apple juice having more than the specified percentage of alcohol. On the other hand, even if we assume that the word "cider" includes fermented apple juice, the motions to quash must still be denied. The reason for this will appear from a review of certain acts of Legislature, which are included in Chapter 176 of the Revised Code of 1935.
As a preliminary statement, it should be mentioned that the Revised Code of 1935 represents only prima facie the laws of this State general and permanent in their nature. In approving the Code, the Legislature expressly provided that nothing in the adopting act should be construed as repealing or amending any prior existing laws, or as enacting as new law any matter contained in the Code. Vol. 40, Ch. 74, Laws of Delaware, p. 293, contains this sentence:
"In case of any inconsistency arising through omission or otherwise between the provisions of any chapter of said Code and the corresponding portion of legislation heretofore enacted or enacted during the present session of the General Assembly, effect shall be given for all purposes whatsoever to such prior enactments and/or to the enactments at the present session of the General Assembly." See State v. Terry, 9 W.W. Harr. 32, 196 A. 163; Nigro v. Flinn, 8 W.W. Harr. 368, 192 A. 685.
With the foregoing preliminary statement in mind, we now examine the history of Code Sections 6194 and 6132. We find that the present Section 6194 was part of a statute originally *Page 55 
enacted in 1879, Vol. 16, c. 49, Laws of Delaware, p. 59. It remained in subsequent codifications of the Delaware Laws, including the Revised Code of 1915, in which it was designated as 170, Sec. 133, Ch. 6. It was, therefore, not a part of the Liquor Control Act which was adopted by the Legislature in 1933, beingCh. 18, Vol. 38, Laws of Delaware. Section 6132 of the present Code was a part of the Liquor Control Act. That Act was a general and lengthy revision of the liquor laws of this State. The last section thereof repealed all acts or parts of acts in conflict or inconsistent with its provisions to the extent of such conflict or inconsistency. Accordingly, if Code Sec. 6194 is inconsistent with any part of the Liquor Control Act, it was repealed thereby to the extent of the inconsistency.
If the defendants' interpretation of Code Section 6194 be correct, its terms would manifestly conflict with the provisions of Code Section 6132. The definition of the word "wine" in the latter plainly includes naturally fermented apple juice or cider having more than the specified percentage of alcohol, and its sale is prohibited unless the seller has a license. Under the defendants' contention, the sale of fermented apple juice, regardless of its alcoholic content, would not be prohibited unless the alcohol has been artificially added. The inconsistency is obvious.
It is clear that the motions to quash must be denied no matter which definition of "cider" is correct. This same conclusion was recently reached by Judge Pearson in this Court in the case ofState v. Ingram. (no opinion filed).